UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| MICHAEL BENTON, Individually and On Behalf of All Others Similarly Situated | * * * | CASE NO.: |
| Plaintiff, | * * | |
| versus | * * | |
| FLYWAY EXPRESS, LLC | * * | COLLECTIVE ACTION |
| Defendant. | * | |

## ORIGINAL COMPLAINT

### SUMMARY

1. Flyway Express, LLC ("Defendant") is contracted by companies, such as DHL, to make local or short run deliveries from warehouses or other locations.

2. Defendant employs van drivers to make the short deliveries (hereinafter referred to as "Van Drivers").

3. The vans driven by the employees are under 10,001 pounds GVWR.

4. Although Van Drivers regularly work more than forty (40) hours in a workweek, Defendant does not pay them overtime.

5. Defendant's policy of not paying Van Drivers overtime wages violates the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

6. This collective action seeks to recover the unpaid wages, liquidated damages and other damages owed to these workers, together with attorneys' fees, interest and costs of these proceedings on behalf of similarly situated Van Drivers (the "FLSA Collective Members").

**JURISDICTION & VENUE**

7. This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Defendant conducts substantial business in this District, employing Plaintiff and FLSA Collective Members to perform work in this District while subjecting them to Defendant's improper and illegal payroll practices.

**PARTIES**

9. Plaintiff Michael Benton ("Benton") is employed by Defendant as a Van Driver and was paid a day-rate of $125.00 for weekdays, and an hourly rate of $22.50 an hour for work performed on Saturdays.

10. Plaintiff is domiciled in Texas and performed work out of Defendant's Texarkana, Texas, and Shreveport, Louisiana locations.

11. Plaintiff received the same pay whether working out of the Texarkana, Texas, or Shreveport, Louisiana location.

12. Plaintiff's written consent to join this action is attached. (Exhibit "A").

13. Upon information and belief, Defendant is a limited liability company domiciled in the State of Tennessee, and doing business within the State of Louisiana and within the jurisdiction of this Court. Defendant is a "niche logistics firm" specializing in "building contractual relationships and creating unique solutions to [its] clients' supply chains allowing them to maintain their competitive advantage." *See* http://flywayexpress.com (last visited August 10, 2020).

14. Defendant paid each of the FLSA Collective Members a date-rate, salary or hourly wage with no overtime premium for hours worked in excess of forty (40) in a workweek.

15. Defendant's payroll practice, and classification of these workers as overtime exempt, violated the FLSA.

## FACTS

16. Defendant is in the business of providing delivery services to customers of DHL and other companies.

17. Defendant conducts its delivery service business in various states within the United States, including the States of Texas, Mississippi, Tennessee, Arkansas and Louisiana.

18. Defendant's Van Drivers routinely handle goods or materials – such as consumer goods and internet purchased items - that have moved in, or were produced for, interstate commerce.

19. In each of the past three years, Defendant's gross revenue has far exceeded $500,000.

20. Van Drivers drive cargo vans, as depicted below, to deliver consumer and commercial goods to customers of DHL and other companies.



21. The vans have a gross vehicle weight (GVWR) of less than 10,001 pounds, as depicted by the vehicle sticker below.



22. Defendant paid Plaintiff a day-rate of $125.00 for weekdays, and paid him an hourly rate of $22.50 an hour for work on Saturday.

23. Plaintiff has worked for Defendant since September 2019.

24. Plaintiff regularly worked over forty (40) hours in a workweek.

25. For example, during the workweek of July 14, 2020 to July 20, 2020, Plaintiff worked approximately 67.54 hours. Although Plaintiff worked over forty (40) hours during this period, he was paid a day-rate of $125.00 with no overtime premium.

26. As another example, during the workweek of July 21, 2020 to July 27, 2020, Plaintiff worked approximately 65.33 hours over five (5) weekdays at a day-rate of $125.00, and

11.10 hours on Saturday, at an hourly rate of $22.50. Although Plaintiff worked approximately 36.43 hours over forty (40) in the workweek, he was not paid an overtime premium.

27. Plaintiff's work schedule is typical of the work schedule for the FLSA Collective Members.

28. Over the past three (3) years, Defendant employed dozens of individuals – including Plaintiff – as Van Drivers throughout the United States including in the states of Texas, Arkansas, Louisiana, Mississippi and Tennessee.

29. Defendant willfully misclassified Plaintiff and the FLSA Collective Members as workers subject to the authority of the Secretary of Transportation pursuant to Section 204 of the Motor Carrier Act ("MCA") and thus, exempt from the overtime protections of the FLSA.

30. The FLSA Collective Members are in fact not MCA exempt from the overtime requirements of the FLSA as the MCA is not applicable to Plaintiff and the FLSA Collective Members, all of whom operate vehicles weighing under 10,001 pounds GVWR.

31. While the precise job duties of the FLSA Collective Members may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of forty (40) in a workweek.

32. All of the FLSA Collective Members perform delivery services in support of Defendant's logistics business.

33. All of the FLSA Collective Members are entitled to overtime pay.

34. All of the FLSA Collective Members were misclassified by Defendant as MCA exempt from the overtime requirements of the FLSA.

35. None of the FLSA Collective Members received overtime pay for all hours worked over forty (40) in a workweek.

36. Defendant knew the FLSA Collective Members worked more than forty (40) hours in a workweek.

37. Defendant routinely scheduled Plaintiff and other FLSA Collective Members to work more than forty (40) hours per workweek.

38. Defendant knows the FLSA Collective Members are/were not exempt from the overtime requirements of the FLSA.

39. Nonetheless, Defendant did not (and does not) pay the FLSA Collective Members overtime wages for hours worked in excess of forty (40) in a workweek.

### COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings this claim under Section 216(b) of the FLSA as a collective action.

41. The same policy that caused Plaintiff to be denied his overtime pay caused the FLSA Collective Members to be denied their overtime pay.

42. While the precise job duties performed by the FLSA Collective Members might vary somewhat, these differences do not matter for the purpose of determining their entitlement to overtime.

43. Nor do any differences in job duties matter for determining whether Defendant's policy of not paying the FLSA Collective Members overtime is legal.

44. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

45. Defendant improperly applied the same MCA exemption to Plaintiff and all FLSA Collective Members to deny overtime pay for all hours worked over forty (40) in a workweek.

46. Because Defendant uniformly failed to pay overtime to the FLSA Collective Members, Plaintiff and the FLSA Collective Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

47. Upon information and belief, Defendant employed numerous Van Drivers in the past three (3) years in the United States who were not paid an overtime premium for all hours worked over forty (40) in a workweek.

48. Nearly all of the questions related to Plaintiff and the FLSA Collective Members can be answered on a collective basis.

49. Defendant's practice of misclassifying Plaintiff and the FLSA Collective Members and not paying them overtime wages, are based on established companywide policies applicable to all FLSA Collective Members.

50. Defendant's payroll and time-keeping records would permit accurate calculation of damages with respect to each member of the FLSA Collective.

51. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

52. Furthermore, individual litigation would be unduly burdensome to the judicial system.

53. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the FLSA Collective and provide for judicial consistency.

### COLLECTIVE DEFINITION

54. Plaintiff brings this lawsuit pursuant to Section 216(b) of the FLSA as a collective action on behalf of:

> All drivers employed by Flyway Express, LLC who, within the last three (3) years, drove vehicles under 10,001 lbs., worked over forty (40) hours in a workweek, and were not paid an overtime premium for all hours worked over forty (40) in a workweek.

## VIOLATION OF THE FLSA

55. Plaintiff incorporates the proceeding paragraphs by reference.

56. At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

54. Defendant employed Plaintiff and each member of the FLSA Collective.

55. Defendant's pay policy denied Plaintiff and the members of the FLSA Collective overtime compensation as required by the FLSA.

56. Defendant's failure to pay Plaintiff and the FLSA Collective Members overtime at rates not less than one and one-half times their regular rates violates 29 U.S.C. § 207.

57. Defendant's conduct, as described herein, was in willful violation of the FLSA.

58. Due to Defendant's FLSA violations, Plaintiff and the FLSA Collective Members are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorneys' fees, and costs of this action.

## PRAYER

WHEREFORE, Plaintiff, Michael Benton prays for relief as follows:

1. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Members to permit them to join this action by filing a written notice of consent;

2. Judgment awarding Plaintiff and the other FLSA Collective Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiff and the FLSA Collective Members may show themselves to be justly entitled.

### JURY DEMAND

Plaintiff, Michael Benton, demands trial by jury on all issues so triable as a matter of right by jury.

Dated: August 11, 2020

Respectfully submitted,

/s/ *Philip Bohrer*
Philip Bohrer
Scott E. Brady
**BOHRER BRADY, LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, LA 70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000
phil@bohrerbrady.com
scott@bohrerbrady.com